Edwin Gr. O’Connor, J.
The defendant-appellant herein was convicted in the City Court of Buffalo before the Hon. Joseph P. Kuszynski on October 3,1962 for a violation of subdivision 1 of section 1141 of the Penal Law and on November 2, 1962 was given a suspended sentence.
Subsequently an affidavit of appeal was filed with the Clerk of the City Court of Buffalo and a copy thereof was served on the District Attorney’s office on the 8th day of November, 1962. Thereafter, and on the 13th day of November, 1962 Henry V. Szynanski, City -Court stenographer wrote the defendant-appellant’s attorney requiring the payment of $750 as down payment towards the transcript of the testimony, said figure being an estimate only and any adjustment necessary was to be made by the defendant-appellant at the time the transcript was filed. On December 20,1962 the City Court Judge wrote defendant-appellant’s attorney advising him that the return on appeal is made by the Judge in the form of a transcript of the trial for record and that arrangements for the transcript had to be made by the defendant-appellant with the court stenographer and the fees, as prescribed by the City Court Act, paid.
Subsequently, the District Attorney served upon the attorney for the defendant-appellant a note of issue, notice of argument of appeal and a notice to dismiss the appeal, making the return date thereof, January 7,1963 in County Court.
On January 7,1963 attorney for defendant-appellant appeared before the Hon. William J. Began, County Judge and the District Attorney appeared by his assistant, Dewey E. Ertell, Jr. On said appearance it appeared that no return had been made to the affidavit of appeal and Judge Began ‘1 ordered that the Hon. Joseph P. Kuszynski, Associate Judge of the City Court of Buffalo, make a return on or before the 21st day of January, 1963.”
The order not having been complied with, the Hon. Frederick M. Marshall, County Judge, upon application of the attorney for the defendant-appellant on the 30th day of January, 1963 issued an order directing the City Judge to show cause why the order of Judge Began was not complied with and why such other and further relief should not be complied with and why said order should not be granted the defendant-appellant so that he could prosecute his appeal. Said order was made returnable at a Special Term of the County Court held on the 13th day of February, 1963. On that day the defendant-appellant appeared *954 by Ms counsel, Herbert T. Cheiffetz, the District Attorney by his assistant, Dewey E. Ertell, Jr., and Judge Ktjszynski by Robert A. Burrell, Sr., Deputy Corporation Counsel of the City of Buffalo.
Upon the argument it appeared that although no motion had been made to resettle, amend or vacate and that no appeal had been taken therefrom, the order of Judge Regan of January 7, 1963 had not been complied with and no return had as yet been made and filed. It also appeared that the defendant-appellant had made no tender of the stenographer’s fees as set forth in section 49 of the Buffalo City Court Act (L. 1909, ch. 570, as amd.) nor does it appear that he is an indigent person.
It will be noted that in Judge Regan’s order there was no provision that the making of the return by the City Court Judge be conditioned on the payment of any fees by the defendant-appellant. It was an outright order directing the City Court Judge to make the return on the date stated therein.
How the City Court Judge could just simply disregard Judge Regan’s order is not quite understandable. True this order may have been granted in error. However, it seems that a motion to vacate, amend, resettle or appeal therefrom would be the proper procedure. The County Court or a Judge thereof certainly has the power to compel the making of a return or a further or amended return. (Code Grim. Pro., §§ 757, 758.) I am of the opinion that the order is still in full force and effect and should be complied with.
The District Attorney and the Corporation Counsel contend that the City Court Judge is not required to make a return until the defendant-appellant pays the stenographer’s fees as prescribed in section 49 of the Buffalo City Court Act. I find their contention untenable and that the City Court Judge has the responsibility of making the return without the payment by the defendant-appellant of the stenographer’s fees or any other fees. “ The magistrate or court rendering the judgment, must make a return to all the matters stated in the affidavit, and must cause the affidavit and return to be filed in the office of the County Clerk within ten days after the service of the affidavit of appeal and send a copy of the return to the district attorney and to the attorney taking the appeal.” (Code Grim. Pro., § 756.)
This is a definite order to the Magistrate or court rendering the judgment appealed from. The section specifically requires the Magistrate or court to make the return, file the original in the office of the County Clerk and send a copy of the same to *955 the District Attorney and to the attorney taking the appeal. Sections 49 and 10 of the Buffalo City Court Act have been called to my attention. Section 49 prescribes the fees to be paid the stenographer but nowhere does it state that the defendant-appellant must pay them. Section 10 reads in part as follows: “ Each such court stenographer may furnish to anyone applying therefor a transcript of said minutes and may charge and receive therefor the sum of twenty cents for each folio of one hundred words contained in said transcript, the same to be paid in advance to the stenographer by the party applying therefor.” (L. 1909, ch. 570, as amd. by L. 1956, ch. 753.)
Nowhere can I find that the defendant-appellant is the party who applies for the transcript. On the contrary I find that it is the responsibility and obligation of the City Court Judge or the City Court of Buffalo to obtain a copy of the minutes and the Judge or City Court should pay whatever is necessary for the discharge of this official duty. (People v. Schenkel, 256 N. Y. 539.) The District Attorney and Corporation Counsel cited the case of People v. Vannie Taylor, dated December 18, 1961, wherein Justice Fisher relying on former section 761 of the Code of Criminal Procedure directed the filing of the original return by the Magistrate upon payment by the appellant to the court stenographer for one copy of the minutes in the return of 20 cents per folio. Former section 761 of the Code of Criminal Procedure required the appellant to serve upon the District Attorney a copy of the return with or before the notice of argument. However, section 761 was repealed by chapter 59 of the Laws of 1962, effective February 27, 1962. In repealing the section the last requirement of the appellant to do anything in connection with the preparation and filing of the return was removed and the total responsibility was placed upon the Magistrate or court rendering the judgment appealed from. Senator D. Clinton Dominick, III, in his memorandum in support of the repeal of section 761 stated:
“ This bill repeals a section of the Code of Criminal Procedure made unnecessary by an enactment last year.
“ The section being repealed relates to the defendant’s duty to serve a copy of return on appeal on the District Attorney. However, this service by the defendant is no longer useful because Chapter 386 of the Laws of 1961 requires the magistrate or court to send such a copy to the District Attorney.”
The District Attorney and Corporation Counsel called to my attention People v. Pride (3 N Y 2d 545) wherein the Court of Appeals held that an indigent person was not required to pay *956 the fees prescribed by section 49 of the City Court Act and they contended that the converse thereof, namely, that the defendant-appellant is required to pay the fees necessarily follows.
The Pride case was decided prior to the repeal of section 761 on February 27, 1962. “No opinion is an authority beyond the point actually decided, and no judge can write freely if every sentence is to be taken as a rule of law separate from its association.” (Dougherty v. Equitable Life Assur. Soc., 266 N. Y. 71, 88; People v. Olah, 300 N. Y. 96, 101.)
The decision in the Pride case holds that an indigent person need not pay any fees. It does not hold the converse thereof that others must pay the fees.
“ The return of the official transcript of a trial for appeal purpose is required by C. C. P. Sec. 756. The defendant, although initiating the appeal, bears no part of the cost of furnishing that transcript.” (Op. 59-263 [Inf.] St. Comp., July 9,1959.)
The Code of Criminal Procedure was designed to supersede all forms of procedure which had previously existed and therefore supersedes the Buffalo City Court Act, except that if the City Court Act prescribes any proceeding in addition to those prescribed in the code and not inconsistent therewith the same shall be unaffected by the code. (Code Crim. Pro., § 962.)
If by the City Court Act it is to be construed that defendant-appellant is to pay the fees, which it does not, then it would be placing upon the defendant-appellant the obligation to pay the fees, which is clearly the obligation and duty of the Magistrate or court as set forth in section 756 and would therefore be inconsistent with section 962.
The defendant-appellant is entitled to take and prosecute his appeal. No appellate court can decide the appeal without the return. The Magistrate or court rendering the judgment appealed from must make and file the return and serve a copy thereof within 10 days after the filing in accordance with section 756.
The City Court must make, file and serve a copy of the return within 10 days after the entry and service upon it of an order drawn in accordance with this decision, with notice of entry thereof or the conviction shall be reversed. Submit order accordingly.