Jerome B. E. Wolff, J.
This is a motion on behalf of the defendant-appellant for an order requiring the Justice of the Peace to make the entire stenographic transcript as a part of his return on an appeal and also to furnish an entire stenographic transcript to the defendant pursuant to section 756 of the Code of Criminal Procedure.
On June 12, 1964, the defendant was convicted of violating paragraph 2 of subdivision (b) of section 1180 of the Vehicle *1017 and Traffic Law of the State of New York following a trial before Honorable J. A. Smith, Justice of the Peace of the Town of Covert. A fine of $15 was imposed and the said fine was paid by the defendant. Thereafter the defendant filed his affidavit of errors and notice of appeal to this court.
The Justice of the Peace filed his return in the County Clerk’s office together with the stenographic transcript of the minutes of the trial.
The crux of the motion by the defendant-appellant is that he should be furnished free of expense a copy of the entire stenographic transcript as filed in the County Clerk’s office pursuant to the trial before the Honorable J. A. Smith.
Section 756 of the Code of Criminal Procedure mandates the filing of a return by a Justice of the Peace in reply to an affidavit on appeal as to all matters stated in the affidavit and to send a copy of the return to the attorney for the defendant. “ The Justice of Peace is required, during the course of a trial before him, to keep some record thereof, no matter how informal, so as to insure a proper review on appeal.” (People v. Saalfield, 14 N Y 2d 915, 917.) This court has held in a prior decision, People v. Gardner (39 Misc 2d 870), that without proper and complete minutes of a trial, it is impossible to review the allegations in the affidavit of errors and the statements in the return. The minutes of the trial become an integral part of the return for the sole purpose of review by the appellate court.
The contention of the appellant is that since a transcript of the trial must be filed with the return in the County Clerk’s office and that since pursuant to section 756 of the Code of Criminal Procedure, it is mandatory that the Magistrate forward a copy of his return to the defendant on an appeal that it would follow that the transcript becomes a part of the return and the defendant-appellant in this case would be entitled to the entire stenographic transcript of the minutes of the trial without charge to him.
The appellant relies upon People v. Collins (38 Misc 2d 952), but a review of the case reveals that a motion was made to compel the Magistrate to make a return with the transcript of the minutes of the trial. The Magistrate had heretofore refused to do so on the grounds that the defendant on an appeal had to pay the fee of the stenographer for transcribing the transcript before he would make the return and file the transcript. The court held that it was incumbent upon the Magistrate to file his return together with the stenographic transcript of the minutes and the cost would be borne by the court in that matter and not by the defendant. This case, in no way, provided that the *1018 Magistrate had to provide a copy of the transcript of the minutes free of charge to the defendant.
The appellant does not claim in his moving papers or by affidavit that he is indigent and cannot afford to obtain a transcript of the minutes in order to attempt to bring himself under section 456 of the Code of Criminal Procedure.
A return of the Justice of the Peace is not complete without the minutes of the trial whether they be taken by longhand by the Magistrate or by a court stenographer. The requirement under section 756 of the Code of Criminal Procedure only obligates the Magistrate to send a copy of the return and nothing more to the attorney for the defendant. The defendant, if he so wishes to examine the transcript of the minutes, can do so at the County Clerk’s office or, in the alternative, he can pay the stenographer, as in this case, the usual fees for obtaining a complete copy of the transcript. The motion is hereby denied in all respects.