Douglas P. Young, J.
This is a motion by the defendant for an order of this court directing the Police Justice of the Incorporated Village of Thomaston to serve upon the attorneys for the defendant a complete copy of the return, including a copy of the stenographic transcript of the minutes of trial. The defendant relies upon section 756 of the Code of Criminal Procedure.
The trial court has served a complete return, including a stenographic transcript, upon the County Clerk and the District Attorney. However, the copy of the return served upon the defendant did not contain the minutes of trial.
Section 756 of the Code of Criminal Procedure provides: “ The magistrate or court rendering the judgment, must make a return to all the matters stated in the affidavit, and must cause the affidavit and return to be filed in the office of the county clerk within ten days after the service of the affidavit of appeal and send a copy of the return to the district attorney and to the attorney taking the appeal.” (Emphasis supplied.)
The minutes of a trial, whether stenographic or longhand, are an integral part of the return (People v. Schenkel, 256 N. Y. 539), and are required for the purpose of review by the appellate court. (People v. Citrolla, 213 App. Div. 674; People v. Freeman, 44 Misc 2d 1016; People v. Giles, 152 N. Y. 136, 140 ; People v. Saalfield, 14 N Y 2d 915.) In the instant case, the defendant’s affidavit of errors challenges the entire record. Thus it is necessary for the Trial Judge to compile a return which includes all of the stenographic minutes.
The defendant appellant relies upon People v. Collins (38 Misc 2d 952 [1963]) which held that the City Court Judge had the responsibility of making and serving the return which would *405 include a copy of the minutes without regard to the payment of stenographer’s fees or any other fees by the appellant, and directed that the return be so served.
The court in its decision cited the following (38 Misc 2d 952, 956): “ ‘ The return of the official transcript of a trial for appeal purpose is required by C. C. P. Sec. 756. The defendant, although initiating the appeal, bears no part of the cost of furnishing that transcript.’ (Op. 59-263 [Inf] St. Comp., July 9, 1959.) ”
The People and the Incorporated Village of Thomaston maintain that the case of People v. Freeman (supra), where it was held that despite section 756 of the Code of Civil Procedure the defendant was not entitled to receive a copy of the transcript, is applicable to the case at hand. This holding was made despite the fact that the court stated therein ‘ ‘ A return of the Justice of the Peace is not complete without the minutes of the trial whether they be taken by longhand by the Magistrate or by a court stenographer ’ ’. Accepting that a ‘ ‘ return ’ ’ must contain the minutes of the trial, this court is of the opinion that the clear language of the statute (Code Crim. Pro., § 756) that the ‘ magistrate or court rendering the judgment, must make a return * * * and send a copy of the return to the district attorney and to the attorney taking the appeal ” can lead only to the conclusion that the statute requires that the return served upon the appellant contain the copy of the minutes of the trial. It is regrettable if this places a heavy financial burden on village or town governments, but that consideration would not justify a ruling contrary to the intent of the Legislature as expressed in the amended statute.
It is therefore ordered that the motion be granted, and the Police Justice is directed to serve upon the attorney for the appellant a return which shall include a copy of the minutes of the trial, without cost to the appellant.