Miles F. McDonald, J.
Motion by defendant appearing in person, pursuant to section 456 of the Code of Criminal Procedure as amended by chapter 889 of the Laws of 1962, for an order that he be furnished gratis with a certified • copy of the transcript of the trial minutes on the above indictment, denied.
It appears from the records of this court that the defendant was convicted after trial on December 13, 1961, of violating section 1897 of the Penal Law for carrying a dangerous weapon as a felony and was sentenced on February 16, 1962 to Sing Sing Prison for a term of 7 to 10 years.
Prior to April 29, 1962, the effective date of the amendment to section 456 of the Code of Criminal Procedure and on March 9, 1962 a notice of appeal from the judgment of conviction was filed by the defendant in person which appeal is presently pending in the Appellate. Division of the Supreme Court, Second Department.
Thereafter, the defendant pro se made an application to the Appellate Division for leave to appeal as a poor person and for the assignment of counsel. Said application was granted and Anthony F. Marra, Esq., was assigned as the petitioner-appellant’s counsel to prosecute the appeal. Prior to the effective date of the amendment to section 456 of the Code of Criminal Procedure, there was no statutory or constitutional provision to make a copy of the trial minutes free of charge available to an indigent defendant, where, as in this ease, he is incarcerated at the time he seeks to appeal (People v. Pitts, 6 N Y 2d 288). Consequently the defendant is not entitled to the relief sought because the statute has no retroactive effect. Nevertheless, such indigent defendant was required to have counsel assigned to him for his appeal to insure that he be afforded adequate appellate review within the meaning of the equal protection and due process clauses of the Constitution (People v. Kalan, 2 N Y 2d 278; People v. Pitts, supra). The constitutional requisite for assignment of appellate counsel is to insure that the task is adequately performed and the appeal diligently prosecuted.
,Since the effective date of the amendment to section 456 of the Code of Criminal Procedure the court has received numerous *330 applications from imprisoned defendants whose time to appeal has long since expired and therefore are not entitled to relief. It is, however, well to clarify the rules pertaining to similar applications where the statute is effective.
It is evident by the amendment to section 456 of the Code of Criminal Procedure that the Legislature was aware that there was no statutory or constitutional provision by which a court could make available to an indigent defendant a copy of the trial minutes free of charge and that this lack of power in the court created an undue hardship upon an indigent defendant in prosecuting his appeal.
Pursuant to the amendment to section 456 of the Code of Criminal Procedure relief can now be granted to an indigent defendant upon his meeting certain conditions. The first requisite for the granting of relief to such indigent defendant is that a timely notice of appeal first be served upon the Clerk of the court in which the judgment of conviction was obtained. If a timely notice of appeal is not served, the defendant is not entitled to any relief. Second, if a timely notice of appeal has been filed the Clerk of the court is required to notify the official court stenographer that an appeal has been taken and within 20 days after receiving such notice, the stenographer is required to make and file in the office of the said Clerk two transcripts of the stenographic minutes of the entire proceedings of the trial or hearing, certified by the stenographer as an accurate transcript of such proceedings. Section 456 of the Code of Criminal Procedure as amended also directs that such stenographer shall file two transcripts of the stenographic minutes of a defendant’s coram nobis application to vacate the judgment where same is denied after a hearing at which testimony has been taken. Prior to the amendment to section 456 of the Code of Criminal Procedure there was no requirement for the stenographer upon the filing of an appeal to file in the office of the Clerk a copy or transcript of the stenographic minutes of a coram nobis hearing. If there has been a trial or a coram nobis hearing at which testimony has been taken, the proper procedure requires the indigent defendant to make an application to the Appellate Division wherein the appeal is pending for leave to appeal as a poor person and for the assignment of counsel to prosecute the appeal. Our appellate courts have not as yet decided that failure to assign counsel will always constitute a deprivation of constitutional rights (People v. Kalan, supra). Nevertheless, the judicial trend seems to be that where there has been a trial or a coram nobis hearing at which testimony has been taken that counsel *331 should be assigned to prosecute the appeal (People v. Pitts, supra). Where there has been a trial or coram nobis hearing at which testimony has been taken, the practice of the Appellate Division of this Department is to grant such application and assign counsel to conduct the appeal. In such a case a further direction is made by the Appellate Division directing the Clerk of the court to furnish, without charge, to such assigned counsel, a transcript of the minutes of the trial or hearing (People v. Carnegie, N. Y. L. J., Nov. 28,1962, p. 18, col. 8; People v. Jackson, N. Y. L. J., Nov. 28, 1962, p. 18, col. 8). If the appeal by such indigent defendant is from an order denying the defendant’s coram nobis application without a hearing, the practice of the Appellate Division of this Department is to grant the defendant’s application to appeal as a poor person and dispense with printing, but to deny that part of the application requesting the assignment of counsel to prosecute the appeal and to deny the request of the defendant that he be furnished gratis with a transcript of the proceedings in the court in which the defendant was convicted (People v. Brown, N. Y. L. J., Nov. 28, 1962, p. 18, col. 7; People v. Cardillo, N. Y. L. J., Nov. 28, 1962, p. 18, col. 7). The evident reason for such ruling by the Appellate Division is that as the appeal is from an order denying, without a hearing, the defendant’s application made in the court below, therefore the defendant either has in his possession a copy of the papers to be used in the consideration of the appeal or has full knowledge of the contents of such papers. In People v. Pitts (6 N Y 2d 288, 292, supra) the court stated: “ In order to insure adequate appellate review, without abridging the constitutional rights of penniless defendants, it is not required in every case that the convicted person be assigned counsel for his appeal. Such persons receive the protection guaranteed to them by the Constitution, both State and Federal, when a copy of the trial minutes are made available to them and to the court to which they take their appeal (People v. Breslin, 4 N Y 2d 73).” In People v. Breslin (4 N Y 2d 73, 77, 78), the court stated:
‘ ‘ Among the decisions which hold that a defendant was not constitutionally required to have counsel assigned on an appeal after a conviction are: Mellott v. Underwood (192 F. 2d 1020 [6th Circuit], cert. denied 343 U. S. 967); Gargano v. United States (137 F. 2d 944 [9th Circuit]); Ex Parte Lee (123 F. Supp. 439, affd. 217 F. 2d 647 [1st Circuit], cert, denied 348 U. S. 975); Osborne v. Johnston (120 F. 2d 947 [9th Circuit]); Lovvorn v. Johnston (118 F. 2d 704 [9th Circuit], cert. denied 314 U. S. 607); People v. Logan (137 Cal. App. 2d 331); Sykes *332 v. Warden (201 Md. 662, cert. denied 345 U. S. 937); State v. Lorens (235 Minn. 221); State ex rel. Fisher v. Bomar (300 S. W. 2d 927 [Tenn. Sup. Ct.]); Savage v. State (155 Tex. Cr. Rep. 576). * * *
“ The rules enunciated by those decisions have not been affected by the decisions of Griffin v. Illinois (351 U. S. 12); Johnson v. United States (352 U. S. 565); People v. Pride (3 N Y 2d 545), or People v. Kalan (2 N Y 2d 278). In these cases, defendants did not have transcripts of the trial proceedings, which precluded them from obtaining adequate appellate review, no matter how meritorious their cases. * * *
“ Unless and until the Legislature acts, the determination of whether counsel should be assigned in post-conviction proceedings in a given case should be left to the court to which the application is made. Such court, whenever appropriate, and with the record available to it and to the defendant, may refuse a request for the assignment of counsel in the proper exercise of discretion. We cannot agree that the courts are unable to discharge their duty to see to it that an indigent defendant is adequately protected.”
It is thus clear that the benefits to be derived by an indigent defendant from the provisions of section 456 of the Code of Criminal Procedure, as amended, inure only if, first, a timely notice of appeal has been filed, and second, if the appeal is from a judgment of conviction after trial at which testimony has been taken or the appeal is from the denial of the defendant’s cor am nobis application to vacate the judgment of conviction after a hearing has been held at which hearing testimony has been taken. In all cases where an appeal has been timely filed, but where no testimony has been taken in this court the application for assignment of counsel will be denied and the defendant’s request that he be furnished gratis with' a transcript of the stenographic minutes will be denied for it is evident that no such minutes have been taken (People v. Cardillo; People v. Brown, supra).
The District Attorney is directed to submit an order in accordance with the terms of this decision and serve a copy of this decision and order with notice of entry by mail upon the defendant at the place where he is presently incarcerated and is further ordered to serve a copy of this order with notice of entry upon the defendant’s assigned counsel.