Per Curiam.
Motion by respondent for reargument is denied. Less there he any misunderstanding of the effect of such denial, the court will make its position clear. The court does not deny *871 roargumoní bocapse it agrees with the position of the appellant that each and every defendant who files a timely notice of appeal shall thereby be entitled to receive without charge a copy of the stenographic minutes of his proceeding. The appellant is of the view that section 456 of the Code of Criminal Procedure (as amd. by L. 1962, eh. 889, eff. April 29, 1962),* which provides that the stenographer shall file two copies of the minutes of the proceedings and that the cost thereof shall be a county or city charge, enunciates merely “ administrative relief,” “ trivial ” in nature and subject to ex parte application on the part of a criminal defendant.
We deny reargument and direct that a copy of the transcript of the stenographic minutes taken upon the hearing to suppress be delivered to appellant because three months have elapsed since his motion was granted, no one appearing at that time in opposition, and ¡because we believe that appellant’s appeal should be heard as soon as possible. We will brook no further delay in the prosecution of this appeal. Appellant shall perfect his appeal for the March 1965 Term.
For the guidance of future appellants we observe that section 456 requires that timely notice of appeal shall be served upon the Clerk. The section further provides for an order of the Trial Judge or the appellate court. Before this appellate court will issue such an order, it will require that due notice of the application be given to the District Attorney. The applicant, by affidavit, shall set forth the particular transcript sought, that is, trial minutes, hearing on a motion to suppress, etc., and the *872 purpose to which the transcript is to be put. He shall state that he is without funds to pay the fee for the transcript sought. If the applicant be the defendant, he shall state whether he is represented by counsel and whether, such counsel is being compensated for his services, or whether he desires that counsel be assigned for the purpose of the appeal. If the application be by counsel, counsel shall state whether he is being compensated for his services. Deponent (defendant in person or his counsel) shall state whether he is presently incarcerated, the crime of which he stands convicted and sufficient facts and the contentions relating thereto upon which his appeal is based. Where the original application is by the defendant in person, the court may require an affidavit by an attorney as to the nature of the appeal.
Since this State has seen fit to grant the right of appellate review, no one shall be deprived of a right to appeal because of his financial inability to procure or prepare the necessary papers. Nevertheless, the procedure by which the right is to be effectuated is a matter within our discretion. As the assignment of counsel is not mandated in each case, neither is it commanded that every criminal defendant of insufficient means be furnished a copy of the transcript of his proceeding “ no matter how frivolous or meritless the appeal. ’ ’ This court will endeavor to discharge its duty with equal justice to rich and poor criminals alike. (People v. Breslin, 4 N Y 2d 73, 78; People v. Pride, 3 N Y 2d 545, 550.) While section 456 of the Code of Criminal Procedure will be given a broad and liberal interpretation, permission to a criminal defendant-appellant to receive without charge a copy of the minutes of a trial or hearing is not dictated as of right, but is a matter resting within the sound discretion of the trial or appellate court.
Concur — Hofstadter, J. P., Timer and Gold, JJ.
Motion denied.

 “ § 456. Stenographic minutes of trial or hearing; when to be furnished; expense.
“1. In any ease where the defendant is convicted of a crime or where after conviction defendant’s coram nobis application to vacate the judgment is denied or dismissed after a hearing at which testimony has been taken the clerk of the court in which the conviction was had shall within two days after a timely notice of appeal shall be served upon him, notify the stenographer that an appeal has been taken. Within twenty days after receiving such notice the stenographer shall make and file in the office of said clerk, two copies or transcripts of the stenographic minutes of the entire proceedings of the trial or hearing certified by the stenographer as accurate transcripts of such proceeding. Such transcripts shall be filed by the clerk in his office. The expense of such transcripts shall be a county charge or city charge, as the case may be, payable to the stenographer out of the court fund,. or out of the jurors’ fund or out of any other available fund, upon the certificate of the judge presiding at the trial or hearing.
“ 2. Upon the order of the trial judge or upon the order of any appellate court or judge and upon such conditions as such trial judge or such appellate court or judge thereof may impose, the clerk without charge shall furnish one of said transcripts to the defendant or his counsel.”