Harry B. Frank, J.
This is an article 78 CPLE proceeding in the nature of mandamus for judgment directing respondents to direct preparation and filing of stenographic minutes pursuant to CPL 460.70 (subd. 1), to provide petitioners’ attorney with a copy of each transcript, and to award petitioners their attorney’s fee. The motion by the City of New York for leave to intervene as a party respondent and to serve its answer in the form annexed to the moving papers on the return date of the notice of petition is granted.
*368 When an appeal is taken by a defendant, the criminal court in which the judgment, sentence, or order being appealed was entered or imposed must, under CPL 460.70 (subd. 1), within two days after filing of the notice of appeal, direct the stenographer to prepare and file two copies of the transcript of the stenographic minutes of the proceedings constituting the record on appeal within 20 days. The expense of such transcript is a county or city charge. Since petitioner Mardis had not filed a notice of appeal at the time this proceeding was commenced, and petitioner Cahn is not even a defendant in a criminal prosecution, they have no standing to bring this proceeding and the petition is dismissed as to them.
Respondents concede that such transcripts have never been prepared and filed, claiming it is not required by three statutes.
Section 91 of the New York City Criminal Court Act provides that a stenographer must supply a defendant with a transcribed copy of his stenographic notes upon payment of the fees. Where the transcript is a necessary part of the record on appeal, the stenographer is entitled to his fees which shall be paid or a certificate furnished which will be a city or State charge. Section 302 of the Judiciary Law contains a similar provision requiring payment by the party requesting the transcript or the certificate of specified officials which is a charge on a governmental body. Petitioners have not paid the fee for the requested transcripts and have not obtained an order from the Appellate Term of the Supreme Court directing the Criminal Court to furnish the transcripts (CPL 460.70, subd. 1). They are, therefore, not entitled to receive a copy of the transcripts unless they obtain such an order or pay for the copies. CPLR 1102 is inapplicable to a criminal proceeding (CPLR 101). However, none of these sections apply to the situation where the transcripts are to be filed with the court at the expense of the city. CPL 460.70 (subd. 1) directs such preparation and filing.
Respondents urge that mandamus should be denied in the court’s discretion because that remedy in this proceeding is against the public interest and would cause hardship, inconvenience and mischief. It has been held that even in cases in which there is a clear legal right to such relief, the court must decide whether in the exercise of a sound discretion it will grant or withhold relief, particularly where the granting of the relief will cause disorder and confusion in public affairs (Matter of Cromarty v. Leonard, 13 A D 2d 275, 287, affd. 10 N Y 2d 915, and cases therein cited). The court may consider by way of defense, the hardship to respondents, the conduct of petitioners, *369 and the interest of third parties (Matter of Coombs v. Edwards, 280 N. Y. 361).
Respondents demonstrate that the cost of preparing and filing transcripts is high. During the 18-month period from January 1, 1971 to June 30, 1972, 1,231 notices of appeal were filed in the Criminal Court of the City of New York. Of those appeals, 237 have been dismissed for failure to prosecute. Approximately two thirds of the appeals have not been perfected. The cost of the transcripts of all of these appeals is over $60,000, based upon an average charge of $50 per transcript. There will be additional expenses incurred to hire more court reporters and for the equipment and facilities which those reporters would require. It is obvious that there would be wasteful expenditures of public funds for preparing many transcripts which would not be utilized. These transcripts are not submitted as part of the record on appeal unless there is an order directing the Criminal Court to furnish one without charge.
The court must balance the cost which would result by granting the petition against the prejudice to petitioners. They are able to make an application to the Appellate Term for an order directing that they be furnished a free copy. If petitioners can afford to pay for the transcript, they can obtain them by payment of fees. Petitioners are represented by counsel and will suffer no undue prejudice by obtaining transcripts in the normal manner, by paymept or pursuant to court order. They are not entitled to free transcripts as a matter of right pursuant to CPL 460.70 (subd. 1) and may not utilize that section and this proceeding to circumvent the order of the Appellate Term which denied motions by two petitioners seeking free transcripts.
The court is cognizant of the fiscal difficulties of the city and the fact that the budget of the Criminal Court is not unlimited. Use of funds for the purpose sought by petitioners would divert money which should be available for the necessary expenses of operating the Criminal Court. Weighing the lack of any substantial prejudice to petitioners against the hardship of the additional cost to the taxpayers and the diversion of funds from necessary court expenses, requires denial of the relief sought. Accordingly the petition is dismissed.