Stewart F. Hancock, J.
These are cross motions by the plaintiffs for summary judgment and the defendant for summary judgment and to dismiss pursuant to subdivision (a) of CPLB 3211. In the complaint the plaintiffs seek a judgment declaring invalid a certain ruling ’ ’ of the defendant on the subject of interest charges' on past due accounts for insurance premiums. It appears from the moving affidavits that the “ ruling ” in question is an “ Information Letter ”, dated October 15,1968 from Theodore B. Ayervais, Deputy Superintendent and General Counsel, addressed to Independent Mutual Insurance Agents Association in reply to a telephone call requesting information from a Mr. Don Gardner. Mr. Ayervais’s “ Information Letter” reiterates the Insurance Department’s longstanding interpretation of the New York State Insurance Law to the effect that “the imposition of interest where the premium money has been advanced is optional and must, where charged, be in accordance with statutory limitations ’ ’ and further that once a pattern of charging interest is_established it should be consistently followed so that there is no unfair discrimination among clients. It appears that Mr. Ayervais’s opinion is based in part on an interpretation of the Court of *435 Appeals decision on the subject. (Matter of Simmonds Corp. v. Conway, 256 N. Y. 627, affg. 231 App. Div. 722.)
Plaintiffs evidently disagree with and are displeased by this interpretation of the law by the Insurance Department. In addition, plaintiff Greene asserts “ that under the Ayervais letter he would feel insecure in retaining his license if he were to charge more interest than six percent (6%) simple interest ”. However, there is no indication in the complaint or in any of the papers before. the court that the Insurance Department has issued any order, denied any request, instituted any disciplinary proceedings or taken any actions or steps of any kind pertaining to the enforcement or implementation of the interpretation set forth in the Ocobter 15, 1968 letter. Nor is there any suggestion that the Insurance Department is about to take any such action.
It is the opinion of this court that on the complaint and moving papers no justiciable controversy of any kind is presented which may properly be the subject of a declaratory judgment action. This court is without power to render an advisory opinion concerning the Ayervais letter as called for in the complaint. (Prashker v. United States Guar. Co., 1 N Y 2d 584 [1956]; Park Ave. Clinical Hosp. v. Kramer, 26 A D 2d 613, affd. 19 N Y 2d 958 [1967]; Red Robin Stores v. Rose, 274 App. Div. 462 [1948].) The circumstances concerning immediate threat of revocation, suspension or refusal to renew the rights or license of the aggrieved party present in Kirn v. Noyes (262 App. Div. 581) and Connecticut Gen. Life Ins. Co. v. Superintendent of Ins. of State of N. Y. (11AD 2d 403) are totally lacking here.
Furthermore, plaintiffs do not allege that they have been or will be damaged or aggrieved in any way by anything that defendant has done or is about to do. Under such circumstances, plaintiffs have no legal standing to sue. (Hidley v. Rockefeller, 28 N Y 2d 4:39 [1971]; Matter of Posner v. Rockefeller, 26 N Y 2d [1970]; Matter of Donohue v. Cornelius, 17 N Y 2d 390 [1966]; St. Clair v. Yonkers Raceway, 13 N Y 2d 72 [1963]; Schieffelin v. Komfort, 212 N. Y. 520 [1914].)
Finally, plaintiffs’ requested declaration that insurance agents be, required to charge interest on past due accounts would constitute an unwarranted supervision and exercise of power by the judicial branch of government over a department of the executive branch. The statement by Judge Chase in Schieffelin v. Komfort (212 N. Y. 520, 530) quoted in St. Clair v. Yonkers Raceway (supra, p. 76), is in points
*436 “Jurisdiction has never been directly conferred upon the courts to supervise the acts of other departments of government. The jurisdiction to declare an act of the legislature unconstitutional arises because it is the province and duty of the judicial department of government to declare the law in the determination of the individual rights of the parties.
“ The assumption of jurisdiction in any other case would be an interference by one department of government with another department of government when each is equally independent within the powers conferred upon it by the Constitution itself.” The plaintiffs’ motion for summary judgment is, therefore, denied. The cross motion of the defendant pursuant to subdivision (a) of CPLR 3211 dismissing the complaint is granted on the grounds that the court does not have jurisdiction of the subject matter of the action, the plaintiffs do not have legal capacity to sue, and the complaint fails to state a cause of action.