William J. Burke, J.
DECISION
The instant decision involves several appeals from judgments of convictions entered in the Syracuse City Court, Criminal Division. The defendants request that this court summarily reverse the convictions because the defendants’ fundamental right to appeal has been frustrated by the unavailability of the transcripts of the proceedings leading to their various convictions.

*317
People v Stephen Shenandoah

The facts indicate that the defendant was arraigned on November 11, 1974 and allegedly waived his right to counsel and thereupon entered a plea of guilty. The defendant was then sentenced December 27, 1974 to a term of imprisonment of 90 days. On January 10, 1975 an appeal was taken by the defendant through his attorneys, the Frank H. Hiscock Legal Aid Society by the filing of a notice of appeal with the lower court. The defendant is unable to proceed with this appeal in that the lower court has not directed that the stenographer file with that court a transcript of the proceeding which led to the defendant’s plea of guilty, and the defendant is indigent and unable to purchase it.

People v James Halsell

This defendant was arraigned in the City Court on July 13, 1974 upon a charge of petit larceny, and thereupon entered a plea of not guilty. That subsequently and on December 3 and 4, 1974, a jury trial was held before the lower court which resulted in a jury verdict of guilty of petit larceny. The defendant was then sentenced to 6 months at Onondaga County Penitentiary on January 28, 1975 and on February 4, 1975 a notice of appeal was filed in the City Court. This defendant is unable to proceed with the appeal because of the unavailability of the trial transcript, because the lower court has not requested the stenographers to file it with the court and the defendant is indigent and unable to purchase the transcript.

People v Clarence Printup

This defendant was arraigned in the City Court on December 18, 1974 on the charge of aggravated harassment and entered a plea of not guilty. Subsequent thereto and on January 13, 1975, the defendant entered a plea of guilty and was sentenced to serve one year at the Onondaga County Penitentiary. The transcript of proceedings leading to the entering of the above guilty plea has not been filed with the lower court by the stenographer and the defendant is indigent and unable to purchase the transcript. The defendant had filed his notice of appeal with the lower court on January 23, 1975.

*318
People v Delores Huddleston

The defendant was arraigned in the City Court on September 4, 1974 on the charge of possession of stolen property and was found guilty after a jury trial, and on January 14, 1975 was adjudicated a youthful offender and sentenced to a conditional discharge. That on February 6, 1975 an appeal was taken from this proceeding, but the defendant is unable to proceed because of the lower court’s failure to order the stenographer to file a transcript of the proceeding, and the defendant is unable to purchase it.
It appears that a conflict has arisen as to what governmental agency is to incur the expense of having the minutes transcribed.
CPL 460.70 (subd 1) concerns itself with this problem, wherein it is stated: "When an appeal is taken by a defendant pursuant to section 450.10, the criminal court in which the judgment, sentence or order being appealed was entered or imposed must, within two days after the filing of the notice of appeal therein, direct the stenographer to make and to fíle with the court, within twenty days, two transcripts of the stenographic minutes of the proceedings constituting the record on appeal. The expense of such transcript is a county charge or city charge, as the case may be, payable to the stenographer out of the court fund, or out of the juror’s fund or out of any other available fund, upon the certifícate of the criminal court. The appellate court may where such is necessary for perfection of the appeal, order that the criminal court furnish one of such transcripts to the defendant or his counsel. (Italics added.)
Thus when an appeal is taken by a defendant, the criminal court being appealed must within two days after filing of the notice of appeal direct the stenographer to prepare and file two copies of the minutes of the proceedings within 20 days.
The expense of such transcripts is the obligation of the court from which the appeal is being taken.
Therefore in the instant cases the City Court of the City of Syracuse must direct the stenographer to make such transcripts and file them with the lower court. The expense of such minutes is a city charge and must be paid out of available funds.
This statutory mandate does not concern itself with the *319 economic status of the person who is taking the appeal, but is a legislative requirement that must be fulfilled.
Assume, if you will, that Howard the millionaire and Mary the poor were both convicted of a criminal offense in Syracuse City Court. Howard the millionaire had the very best lawyer that all his wealth could retain, while Mary the poor was being ably represented by assigned counsel.
Now both Howard and Mary wish to appeal this lower court conviction and notices of appeal are correctly filed. CPL 460.70 (subd 1) clearly says that the court being appealed, City Court, will direct its stenographer to file within 20 days the transcript of the proceedings. This section goes on to say that the expense of such transcript is, in this case, a city charge payable out of court funds.
Howard the millionaire will obtain his copy of the transcript by ordering an additional copy from the stenographer and by paying for the same from his own resources.
Mary the poor will receive her copy of the transcript when proof is submitted to the appellate court of her indigency and the need of this transcript in her appeal.
Therefore the legislature of the State of New York in furtherance of the right of indigent defendants to free transcripts for appellate purposes has clearly stated that two transcripts must be filed, and that in the event the appellant is indigent, one of such transcripts may be supplied to that defendant if necessary to perfect his appeal by the order of the appellate court, and that the initial expense for these two transcripts is to be the obligation of the court from which the appeal originates.
Additionally, this court’s determination is restricted to the facts of the instant cases and deals solely with the costs of transcripts arising out of appeals from the City Court. Relative to the obligations to pay for minutes of other proceedings held in the lower court involving indigent defendants, such determination will be left to a case in which such issues arise.
It is this court’s determination that CPL 460.70 clearly states upon whose shoulders the cost of the required transcripts must fall, and that suggestions that the County Law or the Judiciary law stated otherwise are rejected as clearly inapplicable to the appellate process upon appeals from City Court judgments, sentences or orders.
Therefore it is this court’s determination that the expense *320 of the transcripts in these cases is a city expense and that the City Court should order the stenographer to file said transcripts with that court no later than 20 days from the entry of this order relating to this decision, and that the stenographer obtain a certificate of the lower court authorizing such payment.
It is further ordered that, once these transcripts are filed with the lower court, one of them be given to the defendants or counsel in order that they may perfect their appeals from the instant convictions.
It is the belief of this court that the minutes of the above proceedings are very short, and that ample time is being provided to comply with this court’s order.
As to the substance of the defendants’ argument that the unreasonable delay in furnishing transcripts of the lower court proceedings require the reversal of these criminal court convictions, it is the position of this court that such convictions will not be summarily reversed. This administrative dispute has not given rise to any known prejudice to these defendants upon the merits of their respective appeals and this court will consider each appeal once the defendants have had an opportunity to properly perfect them.