New York State Dept. of Corr. & Community Supervision v Smith (2025 NY Slip Op 25065)

[*1]

New York State Dept. of Corr. & Community Supervision v Smith

2025 NY Slip Op 25065

Decided on March 13, 2025

City Court Of Syracuse, Onondaga County

Pitts-Davis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 13, 2025
City Court of Syracuse, Onondaga County

New York State Department of Corrections and Community Supervision, Respondent,

against
Antwan Smith, Appellant.

Index No. MZ-04044-24/SY

For the Appellant:
Nhi K. Truong, Esq.
Supervising Attorney
Hiscock Legal Aid Society
351 South Warren Street 
Syracuse, New York 13202-2057
For the Appellee:
Heather S. Odom, Esq.
Assistant Counsel to the Board of Parole
Board of Parole Counsel's Office
The Harriman State Campus
1220 Washington Avenue
Albany, New York 12226-2050

Felicia Pitts-Davis, J.

Motion to Dismiss
The Board of Parole moves to dismiss this appeal under Executive Law § 259-i(4-a), CPL § 470.60, 22 NYCRR § 1250.9, and 22 NYCRR § 1250.10 on the grounds that Appellant failed to perfect the appeal. The Board asserts that Appellant did not submit a proper record on appeal within the required timeframe, as mandated by 22 NYCRR § 1250.7 and CPLR § 5526. Appellant opposes the motion, contending that the Board is responsible for filing the record on appeal pursuant to Executive Law § 259-i(4-a)(b).
This Court, having reviewed the submissions, finds it necessary to clarify the procedural [*2]requirements for a record on appeal in parole matters and determine which party is responsible for compiling the record.

Procedural History
On December 10, 2024, Appellant filed a brief in support of his appeal. On December 20, 2024, the Board of Parole filed a letter asserting that Appellant failed to file a formal record of appeal with the brief, citing CPLR § 5526 and requiring compliance with the formatting standards set forth in 22 NYCRR § 1250.7. The Board further contended that, pursuant to 22 NYCRR § 1250.9, the appeal was not properly perfected without the submission of both the brief and a record on appeal. This letter was served upon the Court and Appellant's counsel. Appellant did not provide any response.
On January 14, 2025, this Court issued a letter decision on default, directing Appellant to file a proper record on appeal by January 28, 2025. Appellant subsequently submitted a set of documents to the Court on January 27, 2025, along with an affidavit of service. However, these same documents had already been submitted to the Court by the Board, including the hearing transcripts, revocation decision notice, and relevant records from the underlying proceeding.
On February 3, 2025, counsel for the Board again objected to Appellant's submissions, asserting that the documents provided by Appellant were the same as those previously filed by the Board under Executive Law § 259-i(4-a) and did not constitute a proper record on appeal. Specifically, the Board argued that the documents were not correctly formatted, as they lacked consecutively numbered pages as required by the Rules of the Appellate Division, All Departments (22 NYCRR § 1250.7). As a result, the Board requested that the appeal be dismissed pursuant to Executive Law § 259-i(4-a), CPL § 470.60, 22 NYCRR § 1250.9, and 22 NYCRR § 1250.10.
Appellant responded on February 18, 2025, asserting that the responsibility to provide the record on appeal lies with the Board, citing Executive Law § 259-i(4-a)(b). Appellant maintained that, under Paragraph A of Subdivision 6, the Board must file with the Court and serve upon the Appellant a transcript of the proceedings held before the hearing officer, along with copies of all documents, photographs, and records considered by the hearing officer. Appellant further contended that no additional record on appeal was required under CPL § 460.70 and 22 NYCRR § 1250.7, as the Board had already submitted the necessary documents.
On February 20, 2025, the Board responded with a letter reiterating that Appellant failed to comply with the statutory requirement, citing Matter of Hubbard, Quayshaun, Index No. SMZ70233-23 (Chemung County Ct, Jan. 8, 2025, Campanella, J.), in which an appeal was dismissed for failure to file a record on appeal as ordered by the court.
On February 24, 2025, Appellant filed a letter reasserting that the documents filed by the Board constituted the Record on Appeal and were sufficient to comply with CPL § 460.70 and 22 NYCRR § 1250.9.

Decision
Executive Law § 259-i(4-a), also known as Less is More, established a new method for appealing non-technical parole violation findings. Under this statute, when a parole violation is sustained that "would constitute a misdemeanor or felony if . . . brought in a criminal court," a releasee may forego an administrative appeal to the Board of Parole and instead seek judicial review in the lowest-level court available in the jurisdiction where the hearing took place or [*3]where the alleged violation occurred. The courts available for such an appeal include city court, district court, county court, or supreme court, depending on the jurisdiction. The reviewing court is then required to determine whether the parole revocation findings are supported by clear and convincing evidence.
Under Executive Law § 259-i(4-a)(b), an appeal is commenced by filing a Notice of Appeal in the same manner as an appeal to the Appellate Division, as outlined under CPL § 460.10(1)(a), (b), (d), (e), and (6). This section also places the duty on the Board to compile and submit the record on appeal to the court, stating:
"Within thirty days after receiving such notice of appeal, the board shall serve on the individual or counsel and file with such court a transcript of the proceedings before the hearing officer prepared pursuant to paragraph (a) of subdivision six of this section, and copies of the documents, photographs and records considered by the hearing officer, and provide access to any other evidence considered by the hearing officer who made such determination."
In other words, the Board is responsible for producing the verbatim hearing transcript and exhibits for the appellate court. This is a departure from a typical criminal appeal, where an appellant is responsible for arranging and paying for the transcription of the lower court proceedings, absent poor-person relief. CPL § 460.70 (Harrington v State Off. of Ct. Admin., 114 Misc 2d 351, 361-362 [Sup Ct, Broome County 1982]). In a typical criminal court proceeding, all transcripts and records relevant to the case are retained by the court, not a party to the action, thus requiring the onus of obtaining the record to be placed on one of the parties, hence the requirement that the appellant obtain the records and perfect the appeal. However, with parole appeals, the Board is already in possession of all transcripts and documents necessary to perfect an appeal. It would be an unnecessary burden to require appellant to obtain records already in the Board's possession and duplicate their submission to the Court.
Furthermore, Executive Law § 259-i(4-a)(c), which governs the manner in which an appeal is perfected, mandates compliance with CPL § 460.70. However, Executive Law § 259-i(4-a) does not specify which subsection of CPL § 460.70 applies, leaving ambiguity as to the correct appellate procedure.
CPL § 460.70 provides three distinct methods for perfecting an appeal: subsection (1) specifies that the mode of taking an appeal shall be governed by the rules of the appellate division in the department where the appellate court is located; subsection (2) applies when an appeal is taken to county court or an appellate term, outlining a specific process for filing the record and proceeding with the appeal; and subsection (3) governs appeals taken to the Court of Appeals and prescribes the applicable procedural rules for those cases. City Court is neither an intermediate appellate court nor the Court of Appeals. Rather, CPL § 460.70(2), which applies to lower appellate courts, best aligns with city court, which is the lowest level court in this jurisdiction.
Additionally, Appellee cites 22 NYCRR § 1250 as governing this appeal. However, 22 NYCRR § 1250 sets forth rules for practice in the Appellate Division, and many of its provisions are inapplicable to a city court exercising appellate jurisdiction. For example, 22 NYCRR § 1250.9(a)(1) requires an appellant to file an original and five hard copies of a reproduced full record, an original and five hard copies of the appellant's brief, and one digital copy of the record and brief. While such a requirement makes sense when multiple appellate judges are reviewing [*4]submissions, it is wholly impractical for a city or county court, where a single judge presides.
Similarly, the Court of Appeals mandates the filing of an original and nine copies of briefs under 22 NYCRR § 500.12(b) to accommodate multiple judges. Again, such a requirement does not apply to city court, where a single judge is the sole decision-maker.
By contrast, CPL § 460.70(2), which governs appeals to county courts and appellate terms, does not impose such extensive filing requirements. This aligns more appropriately with city or county courts, where a single judge presides, and multiple copies of the record and briefs are not required. Therefore, applying the rules outlined in 22 NYCRR § 1250 to city courts would be impractical and inconsistent with their operational structure. The procedures specified in CPL § 460.70(2) are more suitable for appeals in these courts, ensuring a more efficient and appropriate process.
Though the Board must compile the record, the responsibility for perfecting the appeal itself — i.e. completing all steps to have the appeal heard — still falls to the Appellant (the parolee). Executive Law § 259-i(4-a)(c) provides that "[t]he appeal shall be perfected in the manner set forth in section 460.70 of the criminal procedure law, [and] other provisions of law generally applicable to criminal appeals". This incorporates the usual appellate rules and timelines from the Criminal Procedure Law and court rules. Under CPL § 460.70, the mode and timing of perfecting an appeal are governed by the applicable appellate court's rules, including deadlines for serving and filing the record and briefs. In practice, once the Board files the transcript and exhibits, the parolee (typically through counsel) must take further steps to perfect the appeal, such as filing any necessary briefs, appendix/record materials not provided by the Board, and calendaring the case for argument in accordance with the local court's rules. The statute also specifies that the Board "shall have responsibility for presenting [its] position" on appeal (essentially, to file a respondent's brief or submission), and the local District Attorney may appear as well. But it does not relieve the Appellant of the duty to move the appeal forward.
In sum, it is the Board's duty is to furnish and file the record, whereas the Appellant bears the ultimate responsibility to perfect the appeal by complying with procedural rules, just as would be required for any Appellant in a criminal appeal. If the Appellant fails to take the required steps (e.g. failing to file a brief or notice the appeal for argument within the prescribed time), the appeal can be subject to dismissal for failure to prosecute — just as in ordinary criminal appeals. Conversely, if the Board were to neglect its record-filing duty, Appellant would have cause to seek relief, such as a court order compelling the record's production or an extension, rather than being penalized.
This Court has reviewed Matter of Hubbard, Quayshaun, Index No. SMZ70233-23 (Chemung County Ct, Jan. 8, 2025, Campanella, J.), and does not find it applicable to the present matter. The decision in Hubbard was based on the Appellant's failure to perfect the appeal after being directed to file a record on appeal. The Chemung County Court dismissed the appeal on default because the Appellant did not take any steps to comply with the court's order or otherwise advance the appeal. The court's ruling, therefore, was not based on the sufficiency of the record itself, but rather on the Appellant's failure to take the necessary actions to perfect the appeal.
In contrast, in the present case, Appellant actively pursued the appeal. After this Court directed Appellant to file a record on appeal, Appellant submitted a set of documents based on materials provided by the Board and further objected to the Board's assertion that the burden of compiling the record rests with Appellant. This Court is therefore not faced with a failure to [*5]perfect but rather a legal question as to whether the record, as submitted by the Board, satisfies the requirements of CPL § 460.70 and 22 NYCRR § 1250.9, which the Court finds that it does.
Unlike Hubbard, this case involves an active dispute over the sufficiency of the record and the corresponding obligations of each party under the governing statutes. This Court must determine whether the Board's filing meets the statutory requirements, rather than dismissing the appeal based on a failure to perfect. Accordingly, Hubbard does not control the outcome of this case, as the issue here is not procedural default but compliance with statutory mandates.
Accordingly, this Court finds that CPL § 460.70(2) governs the proper mode of perfecting this appeal. The Board's argument that the appeal must be dismissed due to Appellant's failure to compile the record is therefore without merit, as the responsibility to submit the record lies with the Board, not Appellant.
Accordingly, the motion to dismiss is hereby denied. The Appellee shall have 10 days from the date of this decision to file its responsive brief.
This shall constitute the Decision and Order of the Court.
ENTER:
DATED: March 13, 2025
HON. FELICIA PITTS-DAVIS
CITY COURT JUDGE